Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Narain Kumar (SBN 301522)
nkumar@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (310) 590-3927

*Attorneys for Plaintiff*
*Carol Price*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CAROL PRICE

Plaintiff,

v.

CONVERSE INC.

Defendants.

Case No.: 2:24-cv-08091-FLA-E

**PLAINTIFF CAROL PRICE'S OPPOSITION TO DEFENDANT'S NOTICE OF RELATED CASES**

# I. INTRODUCTION

Plaintiff Carol Price submits this Opposition to Defendant Converse Inc's Notice of Related Cases ("Notice") pursuant to Local Rule 83-1.3.3. Defendants Nike, Inc. ("Nike") and Converse, Inc. ("Converse," collectively Defendants) have filed these Notices in a blatant attempt at judge-shopping by misusing the Local Rules and Central District's procedures for related cases. And they didn't even try to be subtle about it. "Judge-shopping is an abuse of the judicial process and is therefore sanctionable behavior." *Arnell v. Lieb*, No. 08CV441-LAB (RBB), 2008 WL 11336916, at *6 (S.D. Cal. Sept. 9, 2008) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 398–99 (9th Cir. 1998) (citing *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992), *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)) ("Judge-shopping clearly-constitutes 'conduct which abuses the judicial process.'").

Defendants' Notices concern three cases:

- *Carol Price v. Converse, Inc.*, Case No. 24-cv-08091-FLA-E ("*Price*")
- *Lillian Jurdi v. Nike, Inc.*, Case No. 24-cv-08093-GW-SK ("*Jurdi*")
- *Nora Gutierrez v. Converse, Inc.*, Case No. 2:23-cv-06547-KK-MAR ("*Gutierrez*"), appeal pending, No. 24-4797 (filed August 2, 2024).

Defendants' judge-shopping is evident from even just the odd structure and logic of their very untimely Notices because they chose to actually make two different and distinct requests for cases to be treated as related. Defendants' first request is an ultimately incorrect and insufficient but at least facially plausible request that *Price* and *Jurdi* be deemed related. But this is just to set up the second request which is that *Price* and *Jurdi* now also both be deemed related to *Gutierrez*. This second request is where the actual judge-shopping occurs. Defendants presumably hope that *Jurdi* and *Price* will be sent to the judge who decided *Gutierrez* as the low-number case where Defendant Converse has already received a favorable summary judgment ruling. Lest there be any doubt about Defendants' intentions, their second request is more than twice as long as the first, and, while the first request carefully tracks the text and factors of Local Rule 83-

1.3.1 in attempting to show those cases are related, the second request makes no such effort. Instead, it starts with the conclusory assertion that relating *Jurdi* and *Price* to *Gutierrez* "will avoid substantial duplication of work" and then lists a hodgepodge of largely irrelevant factual assertions that lack citation or a basis in the record and highly questionable characterizations, and is replete with intentionally deceptive omissions. Moreover, the fact that Defendants inexplicably waited months to even file these Notices further reinforces the conclusion that these Notices are a strategic gambit and not a genuine attempt to identify related cases for judicial economy.

While this may sound hyperbolic, it is difficult to imagine that it was simply an accident that Defendants never once mentioned that *Gutierrez* is currently on appeal before the Ninth Circuit and has been for months. Similarly, Defendants are trying to get both *Jurdi* and *Price* related and transferred to the judge that heard *Gutierrez* because it would be more efficient even though the district court case in *Gutierrez* was administratively closed months before *Jurdi* and *Price* were ever even filed. And assuming Defendants' first request is granted and *Jurdi* and *Price* are deemed related, then they will already be in front of the same judge. How then is it more efficient to then relate and transfer both *Jurdi* and *Price* to a third judge on the basis of a case that was closed months ago? Judge-shopping. The only meaningful explanation for Defendants' underlying premise that both *Jurdi* and *Price* will be handled more efficiently if related to *Gutierrez* is that Defendants believe they are more likely to receive similarly favorable rulings that will end both cases without all of the glaring inefficiencies involved in having two class action jury trials. Defendants should not be allowed to effectively and selectively pierce the corporate veil between two distinct legal entities even as a matter of judicial convenience, let alone as a pretext for judge-shopping.

## II. ***JURDI* AND *PRICE* ARE NOT RELATED TO *GUTIERREZ***

Some additional background on the three cases will shed further light on just how truly weak Defendants' arguments are for why *Gutierrez* is related to *Price* and *Jurdi*.

First, both *Jurdi* and *Price* ("Trap and Trace Cases") are brought under California Penal Code § 638.51 (the "Trap and Trace Law") because Defendants installed TikTok tracking software on their own websites that collected data on each of visitor through an illegal trap and trace device. TikTok then aggregated that data with information it collects from a host of other sources in order fingerprint and deanonymize those visitors which made TikTok's data more useful and valuable (at the expense of website visitors' privacy) because TikTok could now track and identify individuals even when it would be impossible for website owners like Defendants to do it themselves.

*Gutierrez* has nothing to do with any of that. It concerns the text chat Nora Gutierrez had with a customer service representative on Converse's website, and Salesforce illegally monitoring that text conversation without her consent. The claim is that Converse illegally aided and abetted Salesforce in violation of California Penal Code § 631(a)'s prohibitions on wiretapping, eavesdropping, and using data so obtained. The only similarity between the two cases is that they both concern violations of consumer privacy in order to obtain personal data for monetization.

In simplest terms, none of the factors in Local Rule 83-1.3.1 are present between *Gutierrez* and the Trap and Trace Cases, and indeed Defendants only argue that the third factor of duplication of labor supports the request. For sake of completeness, the Trap and Trace Cases and *Gutierrez* and do not concern the same or closely related transactions, happenings, or events. There are two different website at issue, each website was visited by a different person on a different date, the plaintiffs in the Trap and Trace cases had no chat conversation. There is no similar happening or event shared between TikTok's illegal trap and trace devices and Salesforce illegally monitoring a chat conversation, nor is there any "transaction" whatsoever.

The Trap and Trace Cases do not call for the same or substantially related or similar questions of law as *Gutierrez*. While Defendants cabin their arguments strictly to the third factor of duplicative work under Local Rule 83-1.3.1, Notice at 3 ("relating the matters will avoid substantial duplication of work and thus conserve resources of the

Parties and the Court"), they state in argument that that "[a]ll of the issues identified [below] have already been addressed at length in *Gutierrez*, and will now be at the center of *Price* and *Jurdi*, both of which were just recently filed."[1] Plaintiffs will therefore address each of the issues identified under both the second and third factors in the Local Rule.

## III. Defendants Fail to Explain or Substantiate any of the Purportedly "Same Issues"

As an initial matter, four of the seven issues Defendants identified in some way involve "serial plaintiffs." However, even if being a serial plaintiff was relevant to any of the issues identified by Defendant (something they have not established in *Gutierrez* and which Plaintiffs strongly dispute), there is no definition of how many times someone is allowed to sue over their rights being violated before they become a serial plaintiff or how you otherwise establish that someone is a serial plaintiff. Defendants simply treat all three plaintiffs as serial plaintiffs even though they have not even asserted, let alone provided evidence, that Lillian Jurdi and Carol Price are serial plaintiffs or even filed other cases. It was Defendants' burden to set forth the necessary factual basis and they have not even attempted to do so. Local Rule 83-1.3.1 ("The **Notice of Related Cases must include a brief factual statement** that explains how the cases in question are related under the foregoing factors. **All facts that appear relevant to such a determination must be set forth**.") (emphasis added).

The "same issues" identified by Defendants are:

*a. the applicability of CIPA to the internet;*

Defendant Nike seeks dismissal in *Jurdi* because the Trap and Trace Law does not apply to internet communications. Def. Nike's Mot. to Dismiss at 16-20, ECF No. 11. Meanwhile in *Gutierrez* Defendant Converse argued in its motion for summary judgment

---

[1] Defendants presumably do not argue these issues under the second factor of Local Rule 83-1.3.1 because *Gutierrez* has already been decided and closed, and thus Defendants do not anticipate that any of these purportedly similar issues listed will be decided in the future. Defendants just clearly hope that the decisions in the Trap and Trace Cases will receive similarly favorable decisions on these corresponding issues.

that the first clause of Penal Code § 631(a) did not apply to internet communications (although it never argued that the second clause of Penal Code § 631(a) was inapplicable to internet communications). Def. Converse's Mot. for Summary Judgment at 19–20, ECF No. 113.

Defendants are simply lying when they state that these are the "same issues." In *Gutierrez* the relevant question on appeal is whether an iPhone is a "telephone instrument" under Penal Code § 631(a). For the Trap and Trace Cases the question is whether the Trap and Trace Law's definition of electronic communications in Penal Code § 638.51 encompasses internet communications. These are entirely different statutory prohibitions that must be interpreted by their own terms. The Court need not take Plaintiff's word for it; a review of the arguments each Defendant made in its own publicly filed briefs, cited above, shows that there is in fact no overlap between the arguments, much less that they involve "the same issues."

*b. whether a serial plaintiff's intentional use of the website to try to create a legal claim shows consent under CIPA and defeats her claim;*

Here Defendants try to argue that whether or not each Plaintiff consented to the illegal activity is the same issue. But consent is almost always going to be a highly fact-bound analysis, and Defendants make no attempt to show how these cases will be any different. *Heerde v. Learfield Commc'ns, LLC*, No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874, at *8 (C.D. Cal. July 19, 2024) (quoting *Matera v. Google Inc.*, Case No. 15-cv-04062-LHK, 2016 WL 5339806, at *17 (N.D. Cal. Sept. 23, 2016)) ("Under the Wiretap Act, the question of express consent is usually a question of fact, where a fact-finder needs to interpret the express terms of any agreements to determine whether these agreements adequately notify individuals regarding the interceptions."). And as noted above, there is nothing in Defendants' Notices establishing that the Trap and Trace Plaintiffs are serial plaintiffs or that they intentionally used Defendants' websites to try and create a legal claim. Defendants are simply speculating about facts that may be revealed during discovery.

*c. the availability of class-wide injunctive relief for serial plaintiffs under CIPA;*

It is unclear how this is an issue at all under CIPA, let alone an issue that is the same between the Trap and Trace cases and *Gutierrez*. CIPA's statutory private right of action expressly allows for injunctive relief. Cal. Penal Code § 637.2 ("Any person may [ . . . ] bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages."). Moreover, there is no basis for Defendants' assertions that the Trap and Trace Plaintiffs are "serial plaintiffs," nor do they explain how that would be relevant to the availability to obtain class-wide injunctive relief under CIPA.

*d. the corresponding discoverability of the serial plaintiff and her counsel's class action practices;*

Again, there is nothing Defendants have identified suggesting that the plaintiffs in the Trap and Trace cases are serial plaintiffs. In addition, this "issue" is so vague it is incomprehensible. What "practices" are Defendants talking about? How are they relevant to these three cases? How will it avoid the duplication of work if the Trap and Trace cases are deemed related to Gutierrez? Plaintiffs have no idea and Defendants make no attempt at explanation. Defendants simply saying that "practices" in all three cases are the same defies any understanding.

*e. Nike and Converse's online practices and policies;*

Defendants make literally no attempt whatsoever to identify or explain what "online practices and policies" between these two companies require determination of the same issue in both Gutierrez and the Trap and Trace Cases. It is impossible for Plaintiffs to coherently respond when Defendants could be talking about literally anything. Defendants have the full record in *Gutierrez* available to them and could have identified whatever the relevant identical practices and policies are that they think will require the same determination as in the Trap and Trace Cases. But Defendants did not. Presumably because they can't.

*f. the under-seal applications of Nike and Converse for their shared internal privacy documents and third-party contracts*

*Gutierrez* concerned contracts with Salesforce and whether they could be filed under seal. For this to be the "same issue" Defendants are now implicitly asserting those same Salesforce contracts will also be relevant to the Trap and Trace Cases. This is false. Or at least Plaintiffs have absolutely no reason to believe this is true given that the complaints in Trap and Trace Cases do not mention or have anything to do with Salesforce and Defendants have provided no suggestion as to how Defendants' contracts with Salesforce contracts will be used in the Trap and Trace Cases.

Similarly, what "shared internal privacy documents" are Defendants referring to that are going to be introduced in the Trap and Trace Cases and need filed under seal that were also filed under seal in *Gutierrez*? Defendants have provided absolutely nothing to even identify these documents, let alone explain the point they are trying to make. Plaintiffs look forward to receiving Defendants' internal privacy practices through discovery, but at this point Plaintiffs have no idea what Defendants are talking about.

*g. the discovery about and adequacy, commonality, and typicality of the serial plaintiff's claim given her relationship to plaintiff's counsel and her intentional use of the website.*

Whose relationship are Defendants talking about? And who used what website intentionally? Defendants are presumably referring to Nora Gutierrez and the assertions they made about her and her visit to converse.com. But Defendants are asserting these "same issues" are present in the Trap and Trace cases and apply to Lillian Jurdi or Carol Price with absolutely no factual basis or evidence, let alone a meaningful explanation.

Defendants then go on to list five issues adjudicated in Gutierrez, Notices at 4-5, but it is clear that Defendants are simply listing issues addressed in *Gutierrez* and then asserting without any basis or explanation that, at a very high level of generality, that same issue will also arise in the Trap and Trace Cases. Simply describing the filings in

*Gutierrez* and then stating without any elaboration that "[t]here would be substantial duplication of those efforts if another judge were required to address them in the first instance when they are raised in *Jurdi* and *Price*" does nothing to show any of those issues will even be raised in the Trap and Trace cases, let alone involve "substantial duplication" of labor.

*h. On the defense side, the three cases will involve many of the same witnesses, much of the same documentary evidence, and the same outside counsel.*

Plaintiffs agree that all three cases involve the same outside counsel, but Defendants' other two assertions are blatantly false. The Trap and Trace cases will not involve "much of the same documentary evidence" as *Gutierrez* because the discovery in *Gutierrez* was largely specific to Converse's chat box and the proposed class in that case. If Defendants had a basis for their assertion, they could have easily included the specific documentary evidence all three cases are likely to have in common. Defendants instead don't even attempt to describe or identify the documents, much less show how they are the "same" or how assessing these documents will cause a "substantial duplication of labor if heard by different judges."

Defendants' assertion that all three cases "will involve many of the same witnesses" is even more laughable. Attached as Exhibit A are Defendant Converse's supplemental initial disclosures in *Gutierrez*. Defendants identified five witnesses including the plaintiff Nora Gutierrez and an unidentified person from Salesforce, none of whom appear to be relevant to anything in the Trap and Trace Cases.

Defendants know their case for having *Gutierrez* deemed related to the Trap and Trace Cases is weak because these cases involve different plaintiffs, different websites, different dates, entirely different proposed classes, and different Defendants. Defendants cite to *Espinosa v. Genesis Healthcare, Inc.*, 2020 WL 10506033 (C.D. Cal., 2020), to parenthetically suggest that Local Rule 83-1.3.1 is not impacted by the fact that the cases had "different entities that employed different employees," but that was the argument made by the defendants and rejected by Judge Walter who found it insufficient to

discharge the order to show cause. As he explained, "[n]ot only are Genesis Healthcare, LLC and Genesis Healthcare, Inc. defendants in both actions, the plaintiffs in both actions seek to represent and certify substantially overlapping classes" and the question of which defendant entity actually employed each plaintiff was in fact a common issue to be decided in both cases. Here there is no overlap between the class definitions or class membership.

If Defendants are correct that two cases are related based on nothing more than the attorneys for the parties and similar legal violations then virtually every case alleging a CIPA violation on a company's website will be related to every other case alleging there was an illegal trap and trace on some other website that was owned by a parent, subsidiary, or even a loosely affiliated company. There is in fact a stronger argument that every lawsuit involving the same patent, copyright, or trademark are related because those at least involve the same patent, copyright, or trademark as well as at least one of the same parties, but LR 83-1.3.1 expressly states that none of the factors met just because cases involve the same patent, copyright, or trademark. And even just looking at whether *Jurdi* and *Price* are related, they both involve entirely different websites, plaintiffs, and defendants.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court reject Defendants' blatant attempt at judge-shopping.

DATED: November 25, 2024 TAULER SMITH LLP

By: */s/ Robert Tauler*
Robert Tauler, Esq.
Attorneys for Plaintiff
Carol Price

## CERTIFICATE OF SERVICE

I hereby certified that I served the foregoing document on all parties of record by via the Court's CM/ECF system.

DATED: November 25, 2024

TAULER SMITH LLP

By: */s/ Robert Tauler*
Robert Tauler, Esq.
Attorneys for Plaintiff
Carol Price