LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
MICHAEL D. ROTH (SBN 217464)
*mroth@kslaw.com*
KELLY L. PERIGOE (SBN 268872)
*kperigoe@kslaw.com*
SAMUEL C. CORTINA (SBN 310778)
*scortina@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Attorneys for Defendant*
CONVERSE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CAROL PRICE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CONVERSE, INC., a Massachusetts company, and DOES 1 through 25, inclusive,

Defendants.

Case No. 2:24-cv-08091-FLA-E

Honorable Fernando L. Aenlle-Rocha

**DEFENDANT CONVERSE INC.'S REPLY IN SUPPORT OF NOTICE OF RELATED CASES**

## I. INTRODUCTION

Defendant Converse Inc. ("Converse") provided notice to the Court of three related cases, as it was required to do under Local Rule 83-1.3.1: (1) *Nora Gutierrez v. Converse, Inc.*, Case No. 2:23-cv-06547-KK-MAR ("*Gutierrez*"), (2) *Carol Price v. Converse, Inc.*, Case No. 24-cv-08091-FLA-E ("*Price*"), and (3) *Lillian Jurdi v. Nike, Inc.*, Case No. 24-cv-08093-GW-SK ("*Jurdi*") (each, a "Notice").

- The newly filed *Price* and *Jurdi* cases are largely identical to each other, which Plaintiff essentially concedes. Those two cases should unquestionably be related.
- Separately, *Price*/*Jurdi* share many questions of law and fact that have already been raised and addressed in the *Gutierrez* case, and *Price* and *Gutierrez* involve overlapping class allegations.

Plaintiff filed an Opposition to the Notice, but the points she makes are misdirected and untethered to the Local Rules. As described in the Notice and further below, *Price* and *Jurdi* should be related to each other, and those two cases should also be related to *Gutierrez*, as doing so will conserve the resources of the Parties and the Court, prevent unnecessary duplication of labor, and ensure consistent rulings.

## II. *PRICE* AND *JURDI* SHOULD BE RELATED

Plaintiff's Opposition to the Notice effectively concedes that *Price* and *Jurdi* are related cases. (*See* Opposition at 1, 9) (stating that relating *Price* and *Jurdi* is "facially plausible"). These two cases involve the same alleged violation of the same section of the same statute by a parent and wholly owned subsidiary using the same alleged third-party software. Plaintiff does not meaningfully argue that these two cases should not be related given that they are practically identical—in fact, the template-based complaints filed in both cases are almost exactly the same on a paragraph-by-paragraph basis.

As already addressed in the Notice, although the websites and the nominal parties in each case are different, that is ultimately immaterial because the plaintiffs

are represented by the same counsel and are serial plaintiffs, and the defendants share a parent/subsidiary relationship with many of the same (1) internal privacy policies and practices with respect to their handling of website user data and (2) contracts governing their relationships with third-party vendors and data processors, which will likely be a focal point of each case. (*See* Notice at 2.)

As further proof that adjudicating *Price* and *Jurdi* before different judges would result in substantial duplication of efforts and potentially inconsistent results, Nike already filed its Motion to Dismiss the Complaint in *Jurdi*, and the same counsel for the parties met and conferred recently on the forthcoming Motion to Dismiss in *Price*, which will raise the *exact same* arguments given the overlap between the allegations, the parties, and the claims. The *Price* and *Jurdi* cases unquestionably meet the factors in Local Rule 83-1.3.1 and should be related.

## III. *PRICE/JURDI* SHOULD BE RELATED TO *GUTIERREZ*

Plaintiff's separate arguments as to why *Price* and *Jurdi* should not be related to *Gutierrez* all misapprehend the text and intent of Local Rule 83-1.3.1. While these three cases are not identical, they don't need to be identical to be related, and they share enough material facts and legal issues that relating them would efficiently utilize the resources that the parties and the Court have already expended in *Gutierrez* and would also ensure consistent rulings within this District when the same questions are litigated in the three different cases.

### A. Plaintiff Asserts a Number of Misdirected Arguments Regarding the Actual Filing and Timing of the Notice

#### *i. The Local Rules Required Defendants (and Plaintiffs) to File the Notice*

Plaintiff accuses Defendants of engaging in impermissible "judge-shopping" through a purported "strategic gambit" of filing a notice of related cases. Under the Local Rules, however, parties are *required* to file a Notice of Related Case "at the time any case . . . appearing to relate to another is filed, or as soon thereafter as it

reasonably should appear that the case relates to another." Local Rule 83-1.3.1. Failing to do so can result in sanctions. *Espinosa v. Genesis Healthcare, Inc.*, 2020 WL 10506033, at *1 (C.D. Cal., 2020) (issuing order to show cause where parties failed to file notice of related case).

Plaintiff identifies *no* authority that prohibits a party from filing a notice of related case, let alone where there are so many overlapping facts and issues as here. The two cases Plaintiff cites do not compel otherwise. *Arnell v. Lieb* involved literal "judge shopping" in the Southern District of California where the plaintiff voluntarily dismissed his case to avoid a judicial assignment, re-filed the case, and then improperly *opposed* relating the new proceeding to the previously closed proceeding. 2008 WL 11336916, at *1 (S.D. Cal., 2008). And the language Plaintiff quotes from *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), appears nowhere in that opinion, which did not involve a notice of related case at all, and instead analyzed the scope of inherent powers that a federal court holds when sitting in diversity.

Defendants are not engaging in impermissible conduct; to the contrary, they followed their obligations by filing the Notice and alerting the Court of these three largely identical cases to allow the Court to determine whether they should be related.

***ii. Defendants Diligently Filed the Notice of Related Cases***

Next, Plaintiff complains that Defendants delayed in filing their Notice. The Local Rules impose the requirement to file a notice of related cases on plaintiffs and defendants alike, and require either to do so "promptly" "whenever two or more civil cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." Local Rule 83-1.3.1. Although Plaintiff's counsel—who filed all three of these cases—should have immediately filed the required notice at the time of filing *Jurdi* and *Price*, Defendants corrected that error and acted diligently by filing their own Notice just four days after Converse was

served with the complaint in *Price*—which is the obvious bridge between (a) the identical *Jurdi* case and (b) the overlapping parties and classes in *Gutierrez*.[1]

***iii. It Is Immaterial Whether A Related Case is Closed or Open***

Plaintiff also attacks Defendants for purportedly withholding the fact that final judgment was entered in *Gutierrez*. Not only is Plaintiff wrong, as the Notice discusses at length the summary judgment order that engaged with many of the central issues that these cases share, but this fact is also immaterial, because the Local Rules make no distinction between relating open and closed cases. As a matter of local practice, newly filed cases are frequently related to closed cases, because doing so still affords the parties and the Court with the full intended benefits of relating cases.

**B. The Three Cases Fall Within Each of the Categories That Should Be Related in Local Rule 83-1.3.1**

While Plaintiff also contends that relating these three cases is inappropriate under the three factors in Local Rule 83-1.3.1, Defendants respectfully disagree. All three factors dictate that these cases are related.

*First*, Defendants set forth in great detail the number and depth of issues that the *Gutierrez* court has already adjudicated—through a motion to dismiss, multiple motions to compel, multiple applications and oppositions to applications to seal, an order to show cause against Plaintiff, and a motion for summary judgment—that may likewise be raised in *Price* and *Jurdi* given the overlap between the claims, the parties, and the allegations. (Notice at 3-4.) Relating these three cases would thus avoid substantial duplication of that labor, and makes them subject to relation under Local

---

[1] Plaintiff suggests that Defendants were required to provide an exhaustive list of documents, witnesses, and policies that will overlap between the proceedings, but that's not accurate. Local Rule 83-1.3.1 requires a notice to "include a brief factual statement that explains how the cases in question are related under the foregoing factors." (emphasis added). Defendants complied with that requirement. If the Court desires any other details in analyzing whether these cases should be related, then Defendants will submit them at the Court's request.

Rule 83-1.3.1(c) ("other reasons would entail substantial duplication of labor if heard by different judges"). Plaintiff does not genuinely dispute this fact.

*Second*, Defendants identified several "questions of law and fact" that pervade all three cases, including multiple dispositive issues, which makes these three cases relatable under Local Rule 83-1.3.1(b) ("call for determination of the same or substantially related or similar questions of law and fact"). As the Court is likely aware, there has been a wave of class actions filed under the California Invasion of Privacy Act ("CIPA") following a decision by the Ninth Circuit in 2022 that, according to the plaintiff's bar, expanded CIPA *in toto* to the internet. Plaintiff in *Gutierrez* made this argument the focal point of her recently filed appellate briefing, and this same issue will be front and center in the more recently filed *Price* and *Jurdi* cases.

There are also myriad case-specific questions of law and fact that will be the same between these three cases, given that all three serial plaintiffs make many of the same allegations under the same statute against the same parent and subsidiary who utilize the same website vendors and many of the same privacy policies and personnel. As one example, Plaintiff asserts that *Price* and *Jurdi* should not be related to *Gutierrez*, in part, because the cases involve "entirely different proposed classes" and there is "no overlap between the class definitions or class membership," but that is patently false.

*Price* and *Gutierrez*, for instance, both involve a class of California residents who visited www.converse.com, and allegedly experienced a violation of CIPA. As currently drafted, the class allegations in *Price* and *Gutierrez* are *identical*. While that appears to be attributable to a drafting error, Plaintiff cannot dispute that the classes are nevertheless inclusive of each other insofar as they capture California residents who visited the same website within the statute of limitations period. The overlap between the classes alone will result in shared case-specific questions of law and fact in these cases, making them relatable under Local Rule 83-1.3.1(b).

Finally, *Price*, *Jurdi*, and *Gutierrez* all arise from closely related events, transactions, or occurrences, making them relatable under Local Rule 83-1.3.1(a) ("arise from the same or a closely related transaction, happening, or event"). As described in the Notice, these three cases are all putative class actions, arising from a serial plaintiff's single visit to nike.com or converse.com, for the purpose of creating a statutory violation under CIPA, under the direction of the same counsel, with the same alleged scheme regarding an invasion of privacy and third-party access to and use of data. (*See* Notice at 3-4.)

None of the Plaintiffs allege—nor is there any record showing otherwise—that they visited these websites as customers or for any purpose other than to create a statutory claim. Plaintiff cannot dispute those facts, so she instead takes issue with Converse's reference to Carol Price, Lillian Jurdi, and Nora Gutierrez as "serial plaintiffs," and argues repeatedly that there is no evidence that these individuals are serial plaintiffs. (Opposition at 4-5.) But as Plaintiff and her counsel are well aware, these three individuals are unquestionably serial CIPA plaintiffs and have individually filed at least six, twelve, and eight lawsuits alleging CIPA-related claims in the past two years, respectively.[2] Their status as serial plaintiffs represented by the same law

---

[2] Plaintiff Carol Price has filed at least six CIPA lawsuits this year: *Carol Price v. The Estee Lauder Companies, Inc. et al*., 2:24-cv-06474 (C.D. Cal.); *Carol Price v. CME Group Inc*., 24STCV19572 (Los Angeles Sup. Ct.); *Carol Price v. Cartier International Inc*., 24STCV15102 (Los Angeles Sup. Ct.); *Carol Price v. Entravision Communications Corporation*, 24SMCV02630 (Los Angeles Sup. Ct.); *Carol Price v. Corsair Memory, Inc*., 24STCV13823 (Los Angeles Sup. Ct.); *Carol Price v. Headspace, Inc*., 24STCV19921 (Los Angeles Sup. Ct.).

Plaintiff Lillian Jurdi has filed at least twelve CIPA lawsuits just this year: *Jurdi v. Prezzee, Inc*., 24STCV21428 (Los Angeles Sup. Ct.); *Jurdi v. Latham Group, Inc*., 24STCV20439 (Los Angeles Sup. Ct.); *Jurdi v. Lucky Opco, LLC*, 24STCV20159 (Los Angeles Sup. Ct.); *Jurdi v. Blue Buffalo Company, LTD*, 24STCV19849 (Los Angeles Sup. Ct.); *Jurdi v. Landis Technology*, 24STCV19287 (Los Angeles Sup. Ct.); *Jurdi v. Massage Envy Franchising LLC*, 24STCV14469 (Los Angeles Sup. Ct.); *Jurdi v. MSC Cruises (USA), LLC*, 24STCV14098 (Los Angeles Sup. Ct.); *Jurdi v. Jones Soda Co. (USA), Inc*., 24STCV14108 (Los Angeles Sup. Ct.); *Jurdi v. Nerdwallet Inc.,* 24STCV11780 (Los Angeles Sup. Ct.); *Jurdi v. Ulta Beauty, Inc*., 24STCV11049 (Los Angeles Sup. Ct.); *Jurdi v. Revlon Consumer Products LLC*, 24STCV08861 (Los Angeles Sup. Ct.); *Jurdi v. Charlotte's Web, Inc.*,

firm is not simply a characteristic, but instead, as the parties extensively briefed in *Gutierrez*, it directly and materially informs the plaintiff's individual conduct and the viability of her purported claims and suitability as a class representative. The Local Rules do not require the events to be identical; they instead must only be "closely related." These three cases all involve closely related events, and are related under Local Rule 83-1.3.1(a).

Each of these plaintiffs retained the same counsel, took the same approach to attempt to create class-action CIPA claims against Nike and its wholly owned subsidiary Converse, used the same demand letters to try to extract outsized individual settlements by leveraging the threat of a class action (which were rejected), and then filed the same template-based complaints with many of the same allegations, legal theories, and class definitions. This is not a matter of gamesmanship, strategy, or judge-shopping. It is a matter of complying with the Local Rules, and providing the Court with the information that the District requires so that it may efficiently and effectively adjudicate cases that arise from closely related happenings or events, call for determination of substantially related or similar questions of law and fact, or would otherwise entail substantial duplication of labor if heard by different judges.

//

//

//

---

24STCV04402 (Los Angeles Sup. Ct.); *Jurdi v. MMM Consumer Brands Inc.*, 24STCV01664 (Los Angeles Sup. Ct.).

Plaintiff Nora Gutierrez has filed at least eight CIPA lawsuits since the beginning of 2023: *Gutierrez v. Fibre Glast Developments Corporation, LLC*, No. 23STCV04470 (Los Angeles Sup. Ct.); *Gutierrez v. Four Sigma Foods Inc.*, No. 23STCV01486 (Los Angeles Sup. Ct.); *Gutierrez v. Canada Goose US, Inc*, No. 23STCV11295 (Los Angeles Sup. Ct.); *Gutierrez v. CCBill, LLC*, No. 23STCV00979 (Los Angeles Sup. Ct.); *Gutierrez v. Dave and Matt Vans, LLC*, No. 23STCV00987 (Los Angeles Sup. Ct.); *Gutierrez v. Digital Assets Inc.*, No. 23STCV04469 (Los Angeles Sup. Ct.); *Gutierrez v. Origins Natural Resources Inc.*, No. 23STCV07877 (Los Angeles Sup. Ct.); *Gutierrez v. Resident Home LLC*, No. 23STCV09554 (Los Angeles Sup. Ct.).

## IV. CONCLUSION

For the foregoing reasons, Converse respectfully requests that *Price* and *Jurdi* be deemed related, and that *Price/Jurdi* be deemed related to *Gutierrez.*

DATED: November 27, 2024

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ Michael D. Roth
LIVIA M. KISER
MICHAEL R. ROTH
KELLY L. PERIGOE
SAMUEL C. CORTINA

*Attorneys for Defendant*
CONVERSE INC.