LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
MICHAEL D. ROTH (SBN 217464)
mroth@kslaw.com
LENNETTE W. LEE (SBN 263023)
llee@kslaw.com
SAMUEL C. CORTINA (SBN 310778)
scortina@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Attorneys for Defendant*
CONVERSE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROL PRICE, an individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERSE INC., a Massachusetts company; DOES 1 through 25, inclusive,<br><br>Defendant. | Case No. 2:24-cv-08091-FLA(Ex)<br><br>**DEFENDANT CONVERSE INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Date: May 23, 2025<br>Time: 9:30 am<br>Courtroom: 750 |

Pursuant to Local Rule 37-2.3, Defendant Converse Inc. ("Defendant") submits this supplemental memorandum in opposition to Plaintiff's Motion to Compel Further Reponses to Special Interrogatories and Requests for Production, Set One. Dkt. 38.

## I. The Court Should Determine Whether It Has Subject Matter Jurisdiction Before Adjudicating Plaintiff's Motion to Compel

The Court should deny Plaintiff's motion to compel discovery, as the threshold question of whether subject matter jurisdiction exists has not been decided.

As Defendant argued in its pending Motion to Dismiss—and has been asserting in Court since November 2024[1]—this Court lacks subject matter jurisdiction because Plaintiff has not alleged, and cannot allege, any jurisdictionally required injury in fact. Dkt. 22, 29 & 37. Courts have an independent duty to consider subject matter jurisdiction at *every* stage of the litigation, "even in the absence of a challenge from a party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (there is a "continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.").

Because the Court's subject matter jurisdiction is still undecided, the Court should refrain from adjudicating the Motion to Compel: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Courts routinely deny motions to compel or stay discovery while they assess subject matter jurisdiction. *See* Dkt. 38 at 19 (citing cases where courts denied motions to compel because subject matter jurisdiction was unresolved).

To be clear, Plaintiff's Motion does not seek to compel any jurisdictional

---

[1] Defendant filed its first Motion to Dismiss challenging subject matter jurisdiction on December 5, 2024. Dkt. 15. Rather than defend her pleadings, Plaintiff filed an Amended Complaint, thus requiring Defendant to file a subsequent Motion to Dismiss the Amended Complaint on the same basis. Dkt. 22.

discovery that might be appropriate at this juncture. Apparent from the requests themselves, Dkt. 38-1, and also confirmed by her counsel, *see* Dkt. 38-19 at 3, Plaintiff's requests seek only merits-based discovery. And without subject matter jurisdiction, the Court should not decide this merits-based discovery dispute.

The Court should thus deny Plaintiff's Motion to Compel as premature. Resolution of discovery disputes in this matter would be appropriate only if and after the Court determines it has subject matter jurisdiction for this case (it does not).

## II. No Sanctions Should Be Entered Against Defendant

Plaintiff's repeated (but passing) demand for sanctions—made without identification of any sanctionable conduct by Defendant, or providing the required notice, evidence, or legal support justifying sanctions—also should be denied.

### A. Sanctions Against Defendant are not Justified Under the FRCP

Federal Rule of Civil Procedure 37(a)(5) only permits imposing sanctions against the non-moving party if (a) the movant made a good faith attempt to obtain the disclosure or discovery without court action, *and* (b) the non-moving party's position was not substantially justified. Even then, sanctions should be denied if "other circumstances make an award of expenses unjust." *Id.* Here, Plaintiff's request for sanctions fails under all prongs.

*First*, Plaintiff did not make a good faith attempt to obtain discovery without court action. She did the opposite. Specifically, for Issues 1 and 2, Plaintiff asks for an order compelling production of responsive documents by a date that Defendant already agreed to. There is thus nothing to compel. Issue 3 is a manufactured discovery dispute: Defendant *agreed* to produce responsive documents reflecting Plaintiff's consent to the conduct about which she now complains. Plaintiff is simply unwilling to provide basic information about herself to facilitate Defendant's search for the very records she requests. For Issue 4, Plaintiff seeks to compel responses to interrogatories with no legal justification, several of which she agreed were impermissible. For Issue 5, Plaintiff asks for an order compelling responses without

general objections, but that too would provide Plaintiff with no relief. Defendant is not withholding documents or information based on general objections, and Plaintiff has not identified any general objections that require court intervention. Rather than avoid court action, as the Federal Rules demand, Plaintiff has actively sought it out.

*Second,* Defendant's responses to Plaintiff's unnecessary motion are substantially justified. Defendant agreed to produce documents responsive to *every* Request for Production (except for RFP No. 4, which Plaintiff has since abandoned) and responded to four of Plaintiff's nine interrogatories. Defendant properly objected to the other five interrogatories, as evidenced by the meet and confer: Plaintiff abandoned one of them (Interrogatory No. 6); the parties agreed to Defendant's compromise proposal for one of them (Interrogatory No. 1); Plaintiff proposed amending another one but cut the meet and confer process off before agreement (Interrogatory No. 7); and Plaintiff did not provide any legal or evidentiary authority supporting her two remaining interrogatories (Interrogatory Nos. 4 and 5).

Defendant was also substantially justified in its proposals for when it will substantially complete its document production. During the parties' meet and confer efforts, Defendant agreed to substantially complete its production of documents responsive to RFP Nos. 1, 6, 9, and 10 by May 15 and RFP Nos. 2, 5, 8, and 11 by June 15.[2] That is more than four months before the October 31, 2025 deadline to hear a motion for class certification, and more than eleven months before the May 22, 2026 fact discovery cut-off, and is unquestionably a "reasonable time" for production under Rule 34. *See Patagonia, Inc. v. Anheuser Busch, LLC*, 2020 WL 6260018, at *2 (C.D. Cal. Feb. 19, 2020) (ordering a date certain for production of documents more than eight months after the requests were served in consideration of the discovery cut-off, upcoming motions and depositions, and expert discovery). Plaintiff, moreover, has never identified any prejudice from the proposed schedule—there is none.

[2] Defendant inadvertently omitted a reference to RFP No. 3 in its meet and confer correspondence but has since confirmed that it should have been included in the June 15 deadline.

*Finally*, other circumstances make an award of expenses unjust. This case is not at issue, and Defendant has challenged the Court's subject matter jurisdiction and the applicability of California's trap and trace statute to Defendant's entirely out of state conduct. Dkt. 22, 29. While Defendant has participated in discovery in good faith during the pendency of its motion to dismiss, Plaintiff has pursued a course of conduct with the sole purpose of bringing a motion to compel. Under these circumstances, an award of any expenses to Plaintiff would be unjust and reward bad faith conduct.

**B. Plaintiff Did Not Provide Support for Her Sanctions Request**

Furthermore, neither Plaintiff's Motion nor her Joint Stipulation include any legal or evidentiary support for a request for sanctions. Her passing request for sanctions fails to establish her entitlement to any monetary sanctions. *See* Fed. R. Civ. P. 37(a)(5) (elements necessary for imposing sanctions); *Sundby v. Marquee Funding Group, Inc.*, 2020 WL 5709445, at *13 (S.D. Cal., 2020) (declining to impose monetary sanctions because "the Investor Defendants fail to support this request with adequate information to order such sanctions" where "[n]owhere in the Investor Defendants' motion or in the attachments are these fees and costs outlined."). If Plaintiff makes arguments in support of sanctions for the first time in a Supplemental Memorandum, the Court should likewise reject those arguments as untimely and violative of Defendant's due process rights. *See* Fed. R. Civ. P. 37(a)(5) ("opportunity to be heard" required before imposing sanctions).[3]

Plaintiff is entitled to no relief, and certainly not an award of attorneys' fees, for the ginned-up disputes prompting her motion. Sanctions against Defendant are not appropriate under these circumstances. *See* Fed. R. Civ. P. 37(a)(5).

**III. Plaintiff Should Be Sanctioned for Filing an Unjustified Motion**

---

[3] Plaintiff's failure to comply with procedural requirements is not an isolated incident. Indeed, Plaintiff's motion reflects her: (1) noticing the hearing before the incorrect judge; (2) including inconsistent requests for relief in her Notice of Motion and Proposed Order; and (3) sending a Local Rule 37-1 meet and confer letter that did not identify the issues and discovery requests with specificity as required.

By contrast, if the Court denies any portion of the Motion, then *Plaintiff* should be sanctioned. Fed. R. Civ. P. 37(a)(5)(B); *Davis v. Schneider*, 2020 WL 9074713, at *10 (C.D. Cal., 2020) ("where a motion is granted in part and denied in part, as is the case here, the Court may apportion the reasonable expenses for the motion").

Plaintiff includes five "issues" in her Motion. None of them have merit or substantial justification. Four of the "issues" request relief that Defendant already agreed to *before* Plaintiff brought her motion, and those issues should not have been included in a motion to compel. *See* Fed. R. Civ. P. 37(a)(3) (permitting motion to compel only if a party "fails to answer a question," "fails to make a designation," "fails to answer an interrogatory," or "fails to produce documents").

The only issue that is arguably ripe for the Court is determining whether Plaintiff's Interrogatory Nos. 4 & 5—seeking years of information about Defendant's *global* sales transactions in a case about data allegedly collected from *California-based* website visitors—are within the permissible scope of discovery. As set forth in Defendant's position on Issue 4, they are not. Dkt. 38 at 37-39.

Defendant respectfully requests that the Court deny Plaintiff's Motion in its entirety and set a further hearing to determine the appropriate monetary sanctions against Plaintiff for bringing an unwarranted motion and wasting the Court's and Defendant's resources. *See* Fed. R. Civ. P. 37(a)(5)(B).

Dated: May 9, 2025

Respectfully submitted,

KING & SPALDING LLP

By: */s/Michael D. Roth*
LIVIA KISER
MICHAEL D. ROTH
LENNETTE W. LEE
SAMUEL C. CORTINA

Attorneys for Defendant CONVERSE INC.