Robert Tauler (SBN 241964)
robert@taulersmith.com
Narain Kumar, Esq. (SBN 301533)
nkumar@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270
*Attorneys for Plaintiff*
*Carol Price*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROL PRICE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CONVERSE, INC., a Massachusetts corporation; DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:24-cv-08091-FLA(Ex)<br><br>**PLAINTIFF CAROL PRICE'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL [DKT. 38]**<br><br>Date: Friday, May 23, 2025<br>Time: 9:30 am<br>Courtroom: 6B<br>Discovery Cutoff: May 22, 2026<br>Pretrial Conference: Not Set<br>Trial: Not Set |

**SUPPLEMENTAL MEMORANDUM OF LAW**

The Court should promptly and equivocally require Defendant to comply with its discovery obligations. Defendant continues to drag its feet and abuse the discovery process to create delay after delay in its ongoing scheme of avoiding even its most basic obligations because Defendant believes it shouldn't have to be bothered with this litigation until its dispute over Plaintiff's Article III standing gets resolved. While this is an explanation for Defendant's ongoing flagrant discovery violations, it is not an excuse or a justification.

## I. DEFENDANT IS NOT ENTITLED TO A SELF-HELP STAY

Regardless of how Defendant chooses to dress it up, Defendant's arguments and actions have all demonstrated the same thing – Defendant believes it is entitled to a stay of discovery because it doesn't think it should have to respond because a claim like this and from a Plaintiff like this is beneath it. Defendant first incorrectly asserts that a dispute over a plaintiff's Article III standing means a Magistrate Judge lacks jurisdiction to hear the merits of a discovery dispute and renders any motion to compel premature. Def. Suppl. Defendant's position has been universally rejected by courts, as discussed below. The Court is certainly entitled to issue a stay of discovery pending resolution of a dispositive motion. And Defendant was entitled to seek that relief (although Defendant erroneously tries to elevate dispositive issues based on jurisdiction as somehow more justifying of stays than all other dispositive grounds). Defendant indeed identified the issue twice in the parties' Joint 26(f) Report. Joint 26(f) Report at 6, 8. But the Court rejected those requests by issuing a scheduling order without any stay. Defendant then never actually request a stay. And Defendant had it would have been denied because in the order taking Defendant's Motion to Dismiss under submission the Court stated, entirely on its own initiative, that it "expects the parties to continue litigating this action diligently, while awaiting the court's ruling on this motion." Defendant's position that it can simply refuse to provide discovery until its motion to dismiss is ruled on (and the Court is powerless to do anything about it) is what is known as a self-help stay, and courts have universally rejected the argument and sanctioned the parties that try it.

Stated simply, the "Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Infazon*, 335 F.R.D. at 312 (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011), and Defendant **"may not impose a unilateral 'self-help' stay by simply objecting and refusing to provide substantive discovery responses while the Motions to Dismiss are pending**." *Gold v. Kaplan*, No. 221CV03204FLAJDE, 2021 WL 6618643, at *4 (C.D. Cal. Dec. 2, 2021) (emphasis added); *see also Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018) ("The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a motion to dismiss is pending."); *Dean v. Gonzales*, 2013 WL 4647968, at *2 (E.D. Cal. Aug. 29, 2013) ("Defendants are not relieved from their obligation to respond to plaintiff's [discovery requests] solely because a motion to dismiss was pending.").

## II. DEFENDANT DOES NOT AND CANNOT DEFEND ITSELF ON THE ISSUES IDENTIFIED AND INSTEAD IGNORES THEM

While Defendant says that none of Plaintiff's issues have merit, Defendant is just choosing to ignore each issue where it is wrong. Defendant repeatedly argues that Plaintiff's Motion to Compel is essentially frivolous because it has already agreed to produce responsive documents for most of the RFPs at issue, and that its improper, boilerplate, unsupported, invalid, and general objections[1] along with its invalid and incomplete responses are all totally fine.

First, Defendant ignores that for a majority of the RFPs Plaintiff seeks an order to compel Defendant itself concedes that it has still not committed to providing any

[1] Plaintiff notes that it accidentally omitted from the Joint Stipulation Defendant's improper objections that preceded its responses to the discovery disputes at issue. Nonetheless they were included in the Joint Stipulation and can be found in Exhibits 2 and 4 of the Joint Stipulation. Defendant's pettifogging over this and other entirely trivial issues as a failure to comply with procedural requirements justifying Defendant's own conduct is laughable.

responsive documents prior to the hearing date on Plaintiff's Motion to Compel (RFPs 2, 3, 5, 7, 8, 11). Plaintiff absolutely filed this Motion after a good faith attempt to resolve the issue because by Defendant's own admission refused to commit to providing all responsive documents for six out of ten of the RFPs in Plaintiff's Motion, and as of the filing of Plaintiff's Supplemental Brief Defendant has still yet to produce a single document even though its discovery responses and productions were due on March 7. Defendant's position that it can't be sanctioned because it has agreed that it will produce some documents for some RFPs *after* the Motion to Compel was filed is in fact an admission that sanctions are required under Rule 37(a)(5) because Defendant's "disclosure or requested discovery is provided after the motion was filed."

Defendant arguing it cannot be sanctioned for its past violations because it has said that it will make some of its production in the future is hypocritical because even under Defendant's own representations its productions will still be untimely because Defendant's dates are only for the "substantial completion" of its production and Defendant has refused to provide dates for when its productions will be complete. Defendant's argument that it can't be sanctioned for past discovery violations because it will be committing future discovery violations "smacks of the classic 'chutzpah' argument by the man who murdered his parents and then begs for mercy because he's an orphan." *See Lincoln Benefit Life Co. v. Dallal*, 520 F. Supp. 3d 1237, 1241 (C.D. Cal. 2021).

Similarly, Defendant has consistently refused to explain why it needed three to four additional months *after* the March 7 deadline (which itself was already an extension of the original February deadline) to achieve "substantial completion" its productions. The timing of any production it makes in relation to the adjudication of Plaintiff's Motion to Compel is irrelevant to whether Defendant violated its discovery obligations. Defendant clearly made strategic decisions on timing that have nothing to do with the merits of the dispute or the Court's ability to grant the relief Plaintiff seeks, and agreeing with Defendant would incentivize and weaponize a party's ability to use the procedures designed to encourage dispute resolution to intentionally violate their discovery obligations, so long as they do so

carefully and strategically. It would alter the deadlines for discovery responses from those in the FRCP to instead be just short of however long it will take the requesting party to obtain a motion to compel.

Moreover, Defendant violated Rule 34(b)(2)(B) in its initial responses by refusing to provide any date whatsoever, Defendant demonstrated that it was intentionally and strategically violating that rule because despite Plaintiff's repeated requests Defendant only even provided any dates the day before the parties had the discovery conference required by Local Rule 37-1. The dates Defendant did propose were still violations of Rule 34(b)(2)(B) because they were unreasonable, and Defendant has still never provided any argument or facts showing why they were reasonable or establishing that it complied with Rule 34(b)(2)(B). Similarly, it is clear that Defendant may indeed seek to withhold or redact responsive documents based on its invalid general, boilerplate, and otherwise invalid objections. Defendant cannot be rewarded for continuing treat mandatory deadlines as optional.

## III. PLAINTIFF IS ENTITLED TO SANCTIONS FOR DEFENDANT'S DISCOVERY VIOLATIONS

Defendant simply ignores Rule 37(a)(5)'s clear and mandatory command that the Court "is required to compel the party whose conduct necessitated a successful motion to compel to pay reasonable expenses incurred, including attorney's fees, unless one of the exceptions under Rule 37(a)(5)(A)(i)-(iii) applies." *Regents of Univ. of California v. Beacon Health Options, Inc.*, No. 8:19-CV-01296 AB (ADSX), 2020 WL 14035900, at *1 (C.D. Cal. July 9, 2020).

Defendant asserts that Plaintiff is not entitled to sanctions because Plaintiff did not make a good faith attempt to obtain this discovery and because its own position was substantially justified. Defendant however simply ignores almost all of the disputes in Plaintiff's Motion and fails to provide any justification, substantial or otherwise, for its position. Defendant also improperly tries to shift its own burden to oppose sanctions the sanctions required under Rule 37 and pointing to trivial or entirely inaccurate "procedural

violations" that have literally nothing to do with its own conduct that necessitated sanctions.

Defendant also erroneously asserts that Plaintiff is not entitled to sanctions because Plaintiff's "passing request for sanctions fails to establish her entitlement to any monetary sanctions." Def's Br. at 4. Defendant cites to *Sundby v. Marquee Funding Group, Inc.*, 2020 WL 5709445, at *13 (S.D. Cal., 2020) to incorrectly assert that Plaintiff had some sort of burden to satisfy to be entitled to sanctions under Rule 37(a)(5), when in fact earlier on in that same opinion the court had already issued sanctions for the movant's full attorneys' fees, the language Defendant cites concerns the request for *further* sanctions under 28 U.S.C. § 1927 which the court explained could be legally awarded, but the movant failed to identify what additional sanctions on top of attorneys' fees it could receive.

"The burden lies with the sanctioned party to show that its actions in discovery were substantially justified." *Regents of Univ. of California v. Beacon Health Options, Inc.*, No. 8:19-CV-01296 AB (ADSX), 2020 WL 14035900, at *2 (C.D. Cal. July 9, 2020) (quoting *Bal Seal Eng'g Inc. v. Nelson Prods., Inc.*, No. 8:13-cv-01880, 2018 WL 6258877, *1 (C.D. Cal. Feb. 12, 2018)); <u>*see*</u> also Fed. R. Civ P. 37 advisory committee's note to 1970 amendment ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.").

DATED: May 9, 2025

TAULER SMITH LLP

By: */s/ Narain Kumar*
Narain Kumar, Esq.
Attorneys for Plaintiff
Carol Price