UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL PRICE,<br><br>               Plaintiff,<br><br>    v.<br><br>CONVERSE, INC., *et al.*,<br><br>               Defendants. | Case No. 2:24-cv-08091-FLA (Ex)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. 22]** |

## **RULING**

Before the court is Defendant Converse, Inc.'s ("Defendant" or "Converse") Motion to Dismiss ("Motion") the First Amended Class Action Complaint ("FAC"). Dkt. 22 ("Mot.").[1]  Plaintiff Carol Price ("Plaintiff") opposes the Motion.  Dkt. 24 ("Opp'n").  On January 29, 2025, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for January 31, 2025.  Dkt. 34; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

For the reasons stated herein, the court GRANTS the Motion and DISMISSES the First Amended Complaint with 21 days' leave to amend. The parties' requests for judicial notice (Dkts. 24-1, 29-1) are DENIED as not material to the court's decision. In light of the court's determination that Plaintiff lacks standing to assert her claims, the court DENIES Plaintiff's Motion for Class Certification (Dkt. 49) and accompanying Application to File Documents under Seal (Dkt. 50) as moot, and VACATES all pending pretrial and trial dates and deadlines.

## BACKGROUND

On December 23, 2024, Plaintiff filed the operative FAC, alleging one cause of action for violation of the California Trap and Trace Law (Cal. Penal Code § 638.51). Dkt. 21 ("FAC"). Plaintiff alleges Defendant installed on its website (https://www.converse.com) software created by non-party TikTok (the "TikTok Software"), which acts via a process known as "fingerprinting" to collect data about otherwise anonymous visitors to the website and match it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans to track and identify the visitors. *Id.* ¶¶ 8–12, 14–15. According to Plaintiff, TikTok's software is a "trap and trace device," as defined by Cal. Penal Code § 638.50(c), and Defendant's installation of this software without Plaintiff's consent or a court order subjects Defendant to civil liability and statutory damages under the California Invasion of Privacy Act ("CIPA"). *Id.* ¶¶ 13, 17.

## DISCUSSION

I.   **Standing**

Defendant moves to dismiss the action for lack of standing. Mot. at 2. Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "'The doctrine [of standing] developed to ensure that federal courts do not exceed their authority as it has been traditionally understood,' by 'limiting the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Popa v. Microsoft Corp.*, --- F.4th ---,

1  2025 WL 2448824, at *3 (9th Cir. 2025) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)) (cleaned up). "'Thus, for there to be a case or controversy under Article III, the plaintiff must have a "personal stake" in the case—in other words, standing.'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021)) (cleaned up).

This requirement continues throughout all stages of litigation, and "a suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1115–16 (9th Cir. 2020) (citations and quotation marks omitted).

"Over time, the Supreme Court has identified three elements to ensure that a plaintiff has the required 'personal stake': (1) the plaintiff must have suffered an 'injury in fact' that is both 'concrete and particularized' and 'actual or imminent'; (2) 'there must be a causal connection between the injury and the conduct complained of' (often described as whether the injury is 'fairly traceable' to the challenged conduct); and (3) 'it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Popa*, 2025 WL 2448824, at *3 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Defendant contends Plaintiff lacks standing because she has not alleged the particularized, concrete harm required. Mot. at 11. Plaintiff responds that "Defendant, through the use of the TikTok Software, collected Plaintiff's information, thereby constituting an invasion of privacy. And invasions of privacy are actionable injuries." Opp'n at 8–9 (citing, *e.g.*, *Moody v. C2 Educ. Sys., Inc.*, 742 F. Supp. 3d 1072, 1075–78 (C.D. Cal. 2024); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020)).

/ / /

In *Popa*, 2025 WL 2448824, at *3–6, the Ninth Circuit evaluated the requirement that a plaintiff's injury be "concrete" in light of *Spokeo* and *TransUnion*, and noted a number of key points relevant here. First, "'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id.* at *4 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). The Supreme Court "distinguished between '(i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law," stating "'under Article III, an injury in law is not an injury in fact.'" *Id.* (quoting *TransUnion*, 594 U.S. at 426–27) (brackets omitted).

Second, the Supreme Court "identified history as the touchstone for correctness," stating "'courts should assess whether the alleged injury to the plaintiff has a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit in American courts.'" *Id.* (quoting *TransUnion*, 594 U.S. at 424). "'That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury.'" *Id.* (quoting *TransUnion*, 594 U.S. at 424).[2] "And while the Court acknowledged that 'Spokeo does not require an exact duplicate in American history and tradition,' it cautioned that 'Spokeo is not an open-ended invitation for federal courts to loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts.'" *Id.* (quoting

---

[2] "[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms. If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III. Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts. Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion. And those traditional harms may also include harms specified by the Constitution itself [such as abridgement of free speech and infringement of free exercise]." *TransUnion*, 594 U.S. at 425–26 (citations omitted).

1  *TransUnion*, 594 U.S. at 424–25).

2        Plaintiff contends she has sufficiently alleged "the TikTok Software gathers data including device and browser information, geographic information, and referral tracking," and that "Defendant used this information to fingerprint the data and deanonymize Plaintiff by matching it 'with existing data TikTok has acquired and accumulated about hundreds of millions of Americans[.]'" Opp'n at 10 (citing FAC ¶¶ 9–10). According to Plaintiff, this violates visitors' privacy by "turning the anonymous website visitor into the specifically identifiable recipient of highly personalized and universally unwanted marketing efforts," *id.* at 8, and raises additional concerns because "people like Plaintiff had no idea any of their data was potentially being sent to a foreign government," *id.* at 10.

      These allegations are insufficient to establish a "concrete injury," as required to establish standing. "[A] broad theory that the common law protected privacy rights—pitched at a high level of generality—does not align with the analysis adopted in *TransUnion*." *Id.* at *6. Plaintiff does not plead the TikTok Software "caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law" under the common-law privacy torts of intrusion upon seclusion and public disclosure of private facts, or identify otherwise how she suffered an injury with a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *See Popa*, 2025 WL 2448824 at *4–5.

      Plaintiff, thus, fails to meet her burden to establish standing. *See id*, at *2, 5–8 (holding plaintiff failed to establish a concrete injury based on technology which allowed a business to recreate website visitors' entire visit to the website).[3]

---

[3] Plaintiff additionally argues she has standing because "[t]he instant action is remarkably similar to the allegations the Ninth Circuit found sufficient [in] *In re Facebook*." Opp'n at 11. As the Ninth Circuit noted in *Popa*, 2025 WL 2448824, at

5

**CONCLUSION**

For the aforementioned reasons, the court GRANTS the Motion for lack of standing, and DISMISSES the FAC with 21 days' leave to amend. Having granted the Motion for the reasons stated, the court need not address the parties' remaining arguments. The parties' requests for judicial notice (Dkts. 24-1, 29-1) are DENIED as not material to the court's decision.

In light of the court's determination that Plaintiff lacks standing to assert her claims, the court DENIES Plaintiff's Motion to Certify Class (Dkt. 49) and accompanying Application to File Documents under Seal (Dkt. 50) as moot, and VACATES all pending pretrial and trial dates and deadlines. The court will issue new dates and deadlines and set a hearing on Plaintiff's Motion for Class Certification if it finds Plaintiff pleads sufficient facts to establish standing in an amended complaint.

IT IS SO ORDERED.

Dated: September 30, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

*6, *In re Facebook* predated *TransUnion* and "the question of concreteness under *TransUnion* was not clearly presented in that case." While the Ninth Circuit chose not to revisit *In re Facebook* in deciding *Popa*, WL 2448824, at *8, the court distinguished *In re Facebook* on the specific facts of that case and noted specifically that the court "might analyze [the statute at issue] differently today, especially after the Supreme Court's decision in *TransUnion*." This court, therefore, will not deny the Motion on this basis.

6