LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
MICHAEL D. ROTH (SBN 217464)
*mroth@kslaw.com*
LENNETTE W. LEE (SBN 263023)
*kperigoe@kslaw.com*
SAMUEL C. CORTINA (SBN 310778)
*scortina@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Attorneys for Defendant*
CONVERSE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CAROL PRICE, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

CONVERSE INC., a Massachusetts company; DOES 1 through 25, inclusive,

Defendant.

Case No. 2:24-cv-08091-FLA-E

***DISCOVERY MATTER***
***[Assigned to the Honorable Magistrate Judge Charles F. Eick]***

**DEFENDANT CONVERSE INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PURSUANT TO LOCAL RULE 37-2.3**

Date: December 19, 2025
Time: 9:30 a.m.
Location: Courtroom 759, 7th Floor

## I. Plaintiff's Deposition Testimony Shows Her Objections Lack Merit

After the parties had prepared the Joint Stipulation (Dkt. 56), Converse took Plaintiff's deposition. (*See* Supplemental Declaration of Samuel C. Cortina, Ex. N ("Price Depo.").) Plaintiff's testimony contradicted representations she made in the Joint Stipulation and confirmed that her objections and arguments in response to Converse's discovery requests have never had merit and that the Court should impose sanctions on her and her counsel pursuant to Fed. R. Civ. P. 37(a)(5).

### A. ROG No. 3 – Access to Plaintiff's Device By Other People

Plaintiff testified at her deposition that she is the only person to have ever used her desktop computer that she alleges she used to access the Converse website. (Price Depo. at 68:2-4.) To obtain that information only required one question and a few seconds of time at her deposition. (*Id.*) But throughout months of meeting and conferring, and across pages of argument in the Joint Stipulation, Plaintiff refused to respond to Converse's coextensive interrogatory—implying that there were other users of Plaintiff's device that Plaintiff was refusing to disclose.

Specifically, Interrogatory No. 3 requested Plaintiff to identify "all other persons who have ever used the device [that Plaintiff used to access the Converse website] other than yourself." Plaintiff lodged and stood on her objections that this Request was "impermissibly compound," "unduly burdensome," "seeks information protected from disclosure by the attorney client privilege and/or the attorney work product doctrine," and "would violate Plaintiff's right to privacy under Art. I § 1 of California's Constitution, and federal law." Dkt. 56-1 at 10-11. Plaintiff doubled down on her objections in the Joint Stipulation, asserting that none of them were "boilerplate" or "interposed in bad faith." *Id.* at 12. She argued across multiple pages that "Interrogatory No. 3 imposes an undue burden on Plaintiff" by requiring her to investigate who else used her device, and that her "privacy-based objection to Interrogatory No. 3 is also well-founded" because the Request "pries into Plaintiff's family life, social associations and home activities[.]" *Id.* at 15-16.

As it turns out, that hyperbole has no basis in fact. During her deposition, Plaintiff confirmed, in a single-word response to a single question, that nobody else has ever used the computer that she claims to have used to access the Converse website: "Q: And in the time that you've owned it, has anybody else ever used it? A: No." (Price Depo. at 68:2-4.) Plaintiff was not required to undertake any investigation to respond to this question—to prepare for her deposition, Plaintiff did not review any documents and she only "met with [her] counsel to discuss [the deposition] briefly" a single time. (*Id.* at 19:10-15, 20:12-22.) Nor did this Request invade any of her personal affairs or privileged communications. Her objections and arguments on overbreadth, undue burden, privilege, and her right to privacy are sanctionable fabrications.

**B. RFP Nos. 12-14 and ROG No. 13 – Plaintiff's Litigation History**

Plaintiff also testified at her deposition that she has never been a party to any lawsuits other than the CIPA claims pursued by her counsel at Tauler Smith and she has never been named a class representative. (Price Depo. at 17:12-24, 121:23-25.) Yet, at her deposition, she was unable to identify the CIPA cases and demand letters that were filed and sent on her behalf. (*Id.* at 15:1-25, 46:3-48:25, 87:2-22, 112:4-24, 155:22-25.) Plaintiff should be compelled to provide that information.

Indeed, Plaintiff's deposition testimony confirmed that her discovery objections were frivolous. Plaintiff provided her litigation history in response to four simple questions, culminating in: "Q: So is it fair to say that, other than the case where you were a witness, you haven't been involved in any lawsuit that didn't involve CIPA? A: Correct." (*Id.* at 17:21-24.) But over months of conferring in relation to Converse's discovery requests that asked her to disclose this same information, Plaintiff stood on her objections of privilege, overbreadth, and undue burden. Dkt. 56-1 (Joint Stip.) at 25:11-14, 26:20-23, 27:17-20, 30:18-31:7. She cautioned in the Joint Stipulation that these Requests would require her to "divulge [privileged] information about other class actions in which Plaintiff is a class representative" and

"family-related or relationship-related litigation, or litigation involving a medical condition or the life, in which Plaintiff is a party." *Id.* at 39. But those risks are also non-existent. Plaintiff has never been a class representative so these Requests could not invade any privileges regarding her status as a class representative: "Q: Have you ever been approved as a class representative in a class action? A: No." (Price Depo. at 121:23-25.) And Plaintiff has no litigation history relating to her personal life, so these Requests could not have probed into a "medical condition" or personal matter. Yet again, Plaintiff's deposition testimony unearthed her bad-faith objections.

**C. Plaintiff Fails to Justify Her Use of a Categorical Privilege Log**

Notably absent from Plaintiff's portion of the Joint Stipulation is any explanation *why* she chose to use a categorical privilege log for just a "few" documents—she only argues that her categorical privilege log provides all of the required information. Her log does not detail the information needed to sustain her claim of privilege, Dkt. 56-1 at 56-58, a point that was made even clearer during her deposition. Plaintiff spent significant time giving inconsistent and confusing testimony about which documents she created in connection with her single visit to the Converse website and that she was claiming are privileged (Price Depo. at 173:3-22, 175:15-176:1, 176:22-183:18), and she later served an "errata" to her transcript that fully re-wrote her testimony on this point. (Cortina Decl., Exs. N & M.) Had Plaintiff served a document-by-document privilege log, as required by Fed. R. Civ. P. 26, then this confusion could have been avoided. The confusion, however, is a feature and not a bug of Plaintiff's categorical privilege log. By design, her categorical log assisted Plaintiff in concealing her specific and dubious claims of privilege. Converse is entitled to a clear privilege log to understand Plaintiff's claim of privilege—Converse is not required to rely on confusing and contradictory deposition testimony.

**II. Plaintiff's Improper Expansion of the Term "YOU"**

Plaintiff also unilaterally re-writes the defined term "YOU" in Converse's Requests to reach her counsel's independent conduct. *See e.g.,* Dkt. 56-1 at 40:4-5

("Thus Converse is seeking all demand letters sent by the law firm representing Plaintiff, Tauler Smith LLP, relating to CIPA claims asserted by anybody, for all time."). The defined term Converse provided, however, is limited to individuals "acting in or on Plaintiff's behalf," and thus, it only extends to her counsel *to the extent* that they are acting in or on Plaintiff's behalf. Dkt. 56-1 at 20:10-12 ("The terms 'YOU and 'YOUR' mean Plaintiff Carol Price, as well as Plaintiff's agents, representatives, attorneys, and/or *any other PERSON acting in or on Plaintiff's behalf*.") (emphasis added). Plaintiff's deposition testimony confirmed the need for that inclusion, as Plaintiff was unaware of and had not reviewed complaints and demand letters that Tauler Smith filed or sent on her behalf. (Price Depo. at 79:17-80:3; 84:5-20; 87:2-22; 118:22-119:19; 120:15-121:8; 127:3-16; 156:1-4.)

**III. Plaintiff's Relevance Arguments Misunderstand Rule 26**

Plaintiff attacks each of Converse's Requests as irrelevant because she suggests that implied consent is not a defense to her lone CIPA claim. She is wrong about this defense, as explained throughout the Joint Stipulation; she is also wrong on the discovery relevance standard. "Plaintiff's arguments go beyond the issue of relevance and discoverability and largely go toward contesting the merits of Defendant's theories. In order to show that the documents are relevant under Rule 26's standard, Defendant need not show, and this Court need not determine, that the district court will find the documents persuasive or determinative or that Defendant's arguments will ultimately be successful." *Gutierrez v. Converse Inc.*, 2024 WL 2106952, at *6 (C.D. Cal. 2024) (citation omitted). The Court should disregard Plaintiff's misdirected relevance objections that challenge the merits of Converse's defenses.

**IV. The Motion to Compel Remains Ripe**

Although Plaintiff incidentally responded to some of Converse's Requests during her deposition, the Motion to Compel remains ripe and should be adjudicated.

*First*, Plaintiff was unable to provide complete responses during her deposition, as she invoked the phrase "I don't recall" fifty-eight separate times: "Q: Do you know

what the last CIPA case that you filed was? A: I don't recall. Q: Do you know what the first CIPA case you filed was? A: I don't recall. Q: Did you file any CIPA cases in 2023? A: I don't recall. You don't have any estimate at all? A: It would be – it would be a wild guess, so I don't recall." (Price Depo. at 48:9-25.) Converse is entitled to the full scope of Plaintiff's CIPA litigation history and complete responses to its other Requests—it should not be saddled with the scant information Plaintiff could recall at the time of her deposition.

*Second*, Plaintiff's deposition testimony is unreliable. Plaintiff served an "errata" that treated her deposition as a take-home test and re-wrote her answers, like changing one answer from "Yes" to "No, ..." (Ex. P at 4); *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224–25 (9th Cir. 2005) ("Rule 30(e) is to be used for corrective, and not contradictory, changes.").

*Finally*, Plaintiff has forced Converse to engage in discovery backwards. "Parties are ordinarily entitled to test interrogatory responses and document production through depositions." *Doe v. Trump*, 329 F.R.D. 262, 274 (W.D. Wash. 2018). Instead, Converse had to start getting discovery responses with Plaintiff's deposition, because Plaintiff would not first respond to its written discovery requests it served in April 2025. Plaintiff's evasiveness is both prejudicial and inexcusable—and regardless of whether she later provided some of the requested information during her deposition—she should be sanctioned under Fed. R. Civ. P. 37(a)(5) for asserting frivolous objections, and doubling-down on those objections in the Joint Stipulation. *See Lateral Link Group, LLC v. Springut Group, LLC*, 2017 WL 11634389, at *1-*2 (C.D. Cal. 2017) (sanctioning same plaintiff's counsel for discovery abuse).

Dated: December 5, 2025

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ *Michael D. Roth*

Attorneys for Defendant CONVERSE INC