Robert Tauler (SBN 241964)
robert@taulersmith.com
Narain Kumar, Esq. (SBN 301533)
nkumar@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Carol Price*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CAROL PRICE, an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

CONVERSE, INC., a Massachusetts company; DOES 1 through 25, inclusive,

Defendants.

Case No.: 2:24-cv-08091-FLA-E

**PLAINTIFF CAROL PRICE'S SUPPLEMENTAL OPPOSITION TO DEFENDANT CONVERSE, INC.'S MOTION TO COMPEL DISCLOSURES AND PRODUCTION OF DOCUMENTS FROM PLAINTIFF CAROL PRICE**

Hearing
Date: December 19, 2025
Time: 9:30 am
Courtroom: 750, 7th Floor

## I. INTRODUCTION

Defendant's Motion and Supplement Memo go through a wide variety of unrelated and insubstantial complaints unrelated to any substantive or meaningful discovery dispute because fundamentally Defendant just doesn't like what wasn't produced because it either doesn't exist or is obviously privileged. Joint Stip. at 57 ("It is simply not possible that there are no non-privileged documents responsive to these requests."). This entire Motion is yet another obvious tactic to harass and attempt to intimidate Plaintiff with ridiculous discovery demands primarily aimed at Plaintiff's counsel.

A very important piece of context for Defendant's Motion is that Defendant's portion of the Joint Stipulation was finalized on September 19 and Plaintiff's on September 26, but Defendant took until October 7 to send the compiled document back for final signoff. The Court then issued its ruling granting Defendant's Motion to Dismiss and Defendant chose to shelve the Joint Stipulation for another month and only filed it on November 12, a week after its MTD, three weeks after the SAC was filed, and almost six and a half weeks after it could and should have been filed on September 27. At the hearing on December 19 the Court will be reviewing a Joint Stipulation drafted almost three months earlier that is now hopelessly out of date and irrelevant because it was drafted prior to Plaintiff's deposition, SAC, and the attached expert report. But instead of dropping the motion or re-writing it Defendant asks the Court to enforce its requests despite seeking information that is entirely irrelevant, privileged, or moot.

## II. PLAINTIFF'S PRIVILEGE LOG PROVIDES MORE THAN SUFFICIENT INFORMATION AND SHOWS DEFENDANT SEEKS OBVIOUSLY PRIVILEGED COMMUNICATIONS

The first major issue Defendant complains about is the "categorical" privilege log which Defendant falsely asserts is "impermissible" despite having been repeatedly told that it was highly inappropriate for Defendant to be demanding an itemized list of the emails between Plaintiff and the law firm representing her, or, even more egregiously, demanding an itemized list individually identifying every notation or message on an

internal Tauler Smith database. That's what Defendant demands in its Motion. Yet Plaintiff's log provided Defendant with all the information it needed to assess her privilege claims and this is all that is required of a privilege log. Tellingly, Defendant never even cites to it in its arguments for any of its requests clearly seeking privileged documents.

The issue of the categorical privilege log is best summarized in an August 14 email from Plaintiff's counsel explain to Defendant's counsel why its demand for a privilege log identifying each and every document separately was, frankly, absurd.

> We will provide an amended response to RFP 14 to remove the assertion of attorney client privilege. That was done by accident as you may have noticed because we never identified any such documents in the privilege log. The privilege log we provided also fully complies with our obligations and provides you with all of the information necessary to assess our privilege claims. **We provided a categorical privilege log because we chose not to separately identify every email between Plaintiff and employees of our firm and every message or notation in an internal firm database. Those two are the categorical entries in our privilege log you are saying it was "particularly inappropriately" not to log individually.** Please let me know why you want those documents individually identified because you haven't provided any reasons for your demand and I can't think of any legitimate ones.

Kumar Decl., Ex. B (emphasis added). Plaintiff never received a response to this.

Tracking Defendant's complaints about the lack of documents against the actual requests and the items in Plaintiff's privilege log makes it clear that none of Defendant's complaints are because of documents being withheld on the basis of privilege, otherwise Defendant would be pointing to specific items in the privilege log and asking the Court to review them ex parte. Yet in the entire Joint Stipulation Defendant cites to Plaintiff's privilege log just once. As Plaintiff's counsel explained in that same email:

> If you're upset with the number of RFPs where privilege was one of the reasons we withheld documents then you shouldn't have sent so many RFPs demanding obviously privileged documents. You sent RFPs which **demanded, among other things, all documents and communications about this lawsuit, documents relied on in drafting the complaint, documents concerning all other litigation involving Plaintiff, as well as multiple other RFPs specifically**

> **seeking documents related to litigation. You even demanded all engagement agreements between Plaintiff and our firm even though they are categorically covered by attorney client privilege in California**, meaning every responsive document is by definition also privileged. I just don't want there to be confusion about why we asserted privilege so many times.

Kumar Decl., Ex. A (emphasis added).

## III. DEFENDANT HAS NO CONSENT DEFENSE

Defendant asserts that its affirmative defense of "implied consent" justifies its compelling responses about other unrelated litigation, other websites visited by Plaintiff and other Tauler Smith clients, and Plaintiff's personal knowledge about the screenshot of Defendant's publicly available code in the complaint. Defendant is simply wrong, and its requests go well beyond Defendant's own arguments on their relevance.

Legally, there is no meaningful dispute that Defendant cannot assert a defense of consent to Plaintiff's claim under Penal Code § 638.51(a), and Defendant completely ignores and never even cites to actual statutory consent defense, found in Penal Code § 638.51(b)(5). It unambiguously provides that consent can only be provided to a "provider of electronic or wire communication service." But Converse is not a provider of an electronic communication service and never asserts that it is. Defendant nonetheless falsely asserts in this Motion that "consent is a complete defense to Plaintiff's sole remaining claim." Joint Stip. at 42; *see also id.* at 2 (arguing that discovery into Plaintiff's motives and "suspicions" for visiting Defendant's websites are relevant to whether "she impliedly consented to the disclosure of her information, which is a complete defense to a CIPA claim."). Defendant instead cites to cases where consent was relevant, like *Gutierrez v. Converse*, 2:23-cv-06547-KK-MAR (cited over a dozen times), even though none of those cases involved Section 638.51, which all address consent under Section 631(a) or similar CIPA provisions which criminalize wiretapping and interception communications "without the consent of all parties to the communication."

If Defendant had genuinely sought relevant documents, then, at minimum, it would have agreed during the meet and confers to limit its requests based on "implied consent"

to before Plaintiff's visit to the website because (as Defendant knows full well) the Ninth Circuit held that CIPA does not permit retroactive or post-violation consent. *See, e.g., Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022). Defendant bringing this Motion based on its requests as written proves this is yet another attempt to harass and intimidate Plaintiff's counsel, just as in *Gutierrez v. Converse* where Defendant demanded "essential" documents about consent only to never assert and effectively abandon any consent defense in the briefing on class certification, summary judgment, and before the Ninth Circuit.

Finally, Defendant cannot assert consent as a basis for its requests because, as explained in the Joint Stipulation, Joint Stip. at 32-38, Plaintiff sent Defendant an RFP asking for documents supporting any consent defense and received nothing. Even after being ordered to produce such documents *by this Court*, *Defendant simply refused*. *See* Shapiro Decl. Ex. C (Converse's Supp. Resp. to Plaintiff's Requests for Production to Converse (Set One) dated June 11, 2025), at 11:5-16. Defendant cannot seek the Court's aid in support of a legally non-existent affirmative defense while simultaneously refusing to follow the Court's orders on discovery about that same topic.

**IV. RFPs 12-14 & ROG 13**

Defendant demands documents about entirely unrelated litigation involving entirely unrelated defendants and websites to try to harass and embarrass Plaintiff's counsel for daring to hold it accountable for illegally violating the privacy of millions of Californians. This is why Defendant insisted on a definition of "YOU" that expressly includes Plaintiff's attorneys, and why these requests explicitly seek information and documents about other Tauler Smith litigation unrelated to Plaintiff, Defendant, or its website. For example, RFP 14 expressly seeks all demand letters regarding CIPA violations sent throughout history on behalf of Plaintiff or her attorneys and is just another example of Defendant going after Plaintiff's attorneys. Defendant argues that Plaintiff's deposition testimony shows that Plaintiff's objections were meritless because she testified about her litigation history. But this just proves Plaintiff point which was always that she would provide specific

information about her own litigation history but objected to RFPs 12-14 and ROG 13 as written because they expressly sought exponentially more information almost entirely about unrelated litigation involving Tauler Smith or its other clients.

**V. ROG 7**

This is yet another of Defendant's bizarre discovery fights that only make sense when understood as part of Defendant's attempt to go after Plaintiff's counsel instead of the merits of her claim, particularly because Defendant's only justification for this request was a consent defense which by statute Defendant cannot assert, as explained *supra*. Defendant demands to know when YOU, which it defined as Plaintiff and her counsel, first copied the code included as a screenshot in the complaint. It was told that Plaintiff herself never copied the code and her response stated that "screenshot reproduced in paragraph 12 of the COMPLAINT was taken on February 28, 2024, at approximately 4:11 p.m." This completely and fully answers ROG 7 as written, and Defendant has not explained what else it could possibly be seeking or given besides privileged information.

**VI. RFPs 1, 2, 5 & 8**

Defendant demands documents that either don't exist or are privileged. Its entire argument is only that "Plaintiff has asserted that the only responsive documents are privileged. This is not credible. These Requests seek documents that reflect facts that are highly relevant to Plaintiff's trap and trace claim." Joint Stip. at 56. Defendant notes that facts are not privileged, but documents can be privileged and the only responsive documents that exist are privileged. Defendant does not point to any of the entries on Plaintiff's privilege log that are insufficient to establish Plaintiff's privilege claims, and it's unsurprising that privileged communications between a party and her counsel contain information related to the litigation.

**VII. CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests the Court deny the Motion to Compel.

DATED: December 5, 2025

**TAULER SMITH LLP**

By: *\/s/ Narain Kumar*

Narain Kumar, Esq.
Attorney for Plaintiff
Carol Price